# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1220

_____

| | | |
|---|---|---|
| Laurie Eileen Sauve, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Methodist Hospital, | * | **[UNPUBLISHED]** |
| | * | |
| Appellee. | * | |

_____

Submitted: April 22, 2002
Filed: May 2, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Laurie Eileen Sauve brought this action against Methodist Hospital (Methodist), claiming it had discharged her without stabilizing her emergency medical condition, in violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd. After the district court[1] granted summary judgment to Methodist, Sauve appealed. Upon careful review of the record, we affirm.

_____

[1]The HONORABLE LAURIE SMITH CAMP, United States District Judge for the District of Nebraska, adopting the report and recommendations of the HONORABLE KATHLEEN A. JAUDZEMIS, United States Magistrate Judge for the District of Nebraska.

We conclude that the district court did not abuse its discretion in refusing to consider Sauve's untimely affidavits, or in denying an extension of time to submit an expert affidavit.  See African Am. Voting Rights Legal Defense Fund, Inc. v. Villa, 54 F.3d 1345, 1350 (8th Cir. 1995), cert. denied, 516 U.S. 1113 (1996); cf. Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911-12 (8th Cir. 1999) (Federal Rule of Civil Procedure 56(f) requires filing of affidavit showing what specific facts discovery will uncover).

As to the merits, we agree with the district court that Sauve failed to offer evidence showing that Methodist actually knew she had an emergency medical condition. See 42 U.S.C. § 1395dd(b)(1); Summers v. Baptist Med. Ctr. Arkadelphia, 91 F.3d 1132, 1140 (8th Cir. 1996) (en banc).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.